```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION


MARYELLEN T. BLANKE,             :

     Plaintiff,                  :

vs.                              :
                                     CIVIL ACTION 08-0517-KD-M
MICHAEL J. ASTRUE,               :
Commissioner of
Social Security,                 :

     Defendant.                  :
```

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on March 23, 2009. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Maryellen T. Blanke.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Plaintiff was forty-two years old, had completed an eleventh-grade education, and had no relevant previous work experience (Doc. 13 Fact Sheet).  In claiming benefits, Plaintiff alleges disability due to right clavicle fracture, trauma to the lumbar spine, and history of calcaneal fracture (Doc. 13 Fact Sheet).

The Plaintiff filed an application for disability benefits and SSI on May 17, 2004 (Tr. 124-26, 269-73).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Blanke had no relevant past work, she was capable of performing work as a surveillance system monitor, which was sedentary work (Tr. 41-55).[1]  Plaintiff requested review of the hearing decision (Tr. 21-32) by the Appeals Council, but it was denied (Tr. 6-11).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Blanke alleges

---

[1]The Court notes that a prior ALJ decision (Tr. 74-81) was remanded back to the ALJ for further consideration (Tr. 84-86).  The Court finds no reason to summarize those decisions herein, however.

that:  (1) The ALJ erred in finding that she could perform a full range of sedentary work; (2) the ALJ failed to perform a "function-by-function" analysis of her limitations; and (3) the ALJ did not develop a full and fair record (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 15).

Plaintiff first claims that the ALJ erred in finding that she could perform a full range of sedentary work (Doc. 13, pp. 3-6).  The Court notes that sedentary work has been defined, in the social security regulations, as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (2008).

In making this first claim, Blanke relies on the physical capacities evaluation (hereinafter *PCE*) completed by Dr. Andre J. Fontana on September 21, 2007, following a consultative examination (Tr. 285-88).  The PCE restricted Plaintiff to sitting for one hour and walking/standing for less than one hour at a time, but allowed for sitting from four-to-six hours, and standing/walking between one-to-two hours during an eight-hour day (Tr. 288).  Dr. Fontana found that Blanke could lift and carry up to ten pounds on an occasional basis; he further found

3

her incapable of fine manipulation or pushing and pulling of arm or leg controls (*id.*).  Though Plaintiff could bend or squat on an occasional basis, she was totally restricted from crawling, climbing, and reaching (*id.*).

At the most recent evidentiary hearing, the ALJ posed a hypothetical question to the vocational expert (hereinafter *VE*) based on Dr. Fontana's PCE (Tr. 298-301).  Testifying that the restrictions rendered one capable of less than a full range of sedentary work, the VE stated that a person with these restrictions could still work as a surveillance system monitor (*id.*).  In his determination, the ALJ credited the testimony of the VE and found Blanke capable of performing the work of a surveillance system monitor (Tr. 54-55).

The Court notes that the ALJ, in reaching this decision, specifically stated that Plaintiff was incapable of performing a full range of sedentary work (Tr. 54) ("If the claimant had the residual functional capacity to perform the full range of sedentary work, . . .  However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations").  Blanke's claim that the ALJ erred in finding that she can perform a full range of sedentary work has no basis in fact.²

---

²The Court also notes that Plaintiff has not challenged the hypothetical question posed to the VE.  Of course, the Court is unsure how Blanke could challenge the hypothetical as it tracks the findings

Plaintiff's second claim is that the ALJ erred in finding that she could perform sedentary work is the claim that the ALJ failed to perform a "function-by-function" analysis of Plaintiff's limitations (Doc. 13, pp. 6-8).  More specifically, Blanke asserts the following:  "The [ALJ] failed to provide any finding with regard to the Plaintiff's ability to sit, stand, walk (either at one time or during an 8-hour day) or perform activities involving fine manipulation or reaching" (Doc. 13, p. 7).  Noting that the ALJ relied exclusively on Dr. Fontana's PCE in his hypothetical question to the VE, and that he credit Dr. Fontana's opinion (Tr. 54), the Court finds that this error, to the extent that it is error, is, at most, harmless.  Blanke's claim is without merit.

Plaintiff's next claim is that the ALJ did not develop a full and fair record (Doc. 13, pp. 8-10).  More specifically, Blanke asserts that the ALJ failed to ask the VE "whether the evidence provided by the [VE] conflicts with the *Dictionary of Occupational Titles* (DOT) and he failed to obtain a reasonable explanation for any apparent conflict" (Doc. 13, p. 8).

The Court notes that Social Security Ruling 00-4p states the following:  "At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is consistency" in the

---

of Dr. Fontana's PCE which is the basis for Plaintiff's argument.

testimony being given by the VE and information provided in the *DOT*.  "When a VE [] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE [] evidence and information provided in the DOT."  SSR 00-4p.

Nevertheless, Plaintiff has failed to show this Court that the information provided by the VE was in error or in conflict with the DOT or anything else.  At most, Blanke has demonstrated harmless error.  Plaintiff's claim otherwise is without merit.

Blanke has raised three different claims in bringing this action.  All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.  Therefore, it is recommended that the Secretary's decision be affirmed, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Maryellen T. Blanke.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d

736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 23rd day of March, 2009.

                                       s/BERT W. MILLING, JR.
                                       UNITED STATES MAGISTRATE JUDGE